UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

JOHN EDWARD CLARK,                              Civil No. 05-886 (ADM/SRN)

        Petitioner,

    v.                                          **REPORT AND**
                                                **RECOMMENDATION**
UNITED STATES OF AMERICA,

        Respondent.

---

    This matter is before the undersigned United States Magistrate Judge on Petitioner's

application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to

this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c).

For the reasons discussed below, it is recommended that the petition for writ of habeas

corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254

Cases In The United States District Courts.[1]

## I.    BACKGROUND

    In 1997, Petitioner entered a guilty plea in this District to federal criminal charges

involving the sale of crack cocaine. United States v. Clark, Crim. No. 4-96-127 (DSD/FLN).

He later filed a motion seeking to withdraw his guilty plea, but that motion was denied.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits
that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition
and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254
Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28
U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.
Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL
31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v.
Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Petitioner was then sentenced to 231 months in federal prison, and he is presently serving his sentence at the Federal Correctional Institution in Waseca, Minnesota.

Petitioner filed a direct appeal, but his conviction and sentence were affirmed by the Eighth Circuit Court of Appeals. <u>United States v. Clark</u>, No. 98-2299 (8th Cir. 1998), 1998 WL 865240 (unpublished opinion). He also challenged his conviction and sentence in a motion brought under 28 U.S.C. § 2255, but that motion was denied. He filed several motions seeking reconsideration and further review of his § 2255 motion, but all of those motions were also denied. Petitioner then took another appeal to the Eighth Circuit, but that appeal was summarily dismissed. Petitioner has also filed a previous § 2241 habeas corpus petition challenging his conviction and sentence, but that petition was summarily denied. <u>Clark v. United States</u>, Civil No. 03-3383 (ADM/SRN).

Undeterred by his past failures, Petitioner is now attempting to bring yet another challenge to his 1997 federal criminal conviction and sentence. In his present application for habeas corpus relief under 28 U.S.C. § 2241, Petitioner claims that his sentence was based on factual determinations made by the trial court judge, (rather than a jury), using a preponderance of the evidence standard, and that his sentence should therefore be set aside pursuant to the Supreme Court's recent decisions in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), and <u>United States v. Booker</u>, 125 S.Ct. 738 (2005).

For the reasons discussed below, the Court finds that Petitioner cannot raise his current claims for relief in a § 2241 habeas corpus petition. It will therefore be recommended that this action be summarily dismissed.

## II.    DISCUSSION

2

As Petitioner obviously recognizes, a federal prisoner normally cannot collaterally challenge his conviction and/or sentence in a habeas corpus petition brought under 28 U.S.C. § 2241, but rather, he must file a motion in the trial court pursuant to 28 U.S.C. § 2255.[2]  The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241").  No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the Petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255.  See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).

In this case, it is readily apparent that Petitioner is challenging his 1997 prison

---

[2]  Petitioner undoubtedly learned this rule from the disposition of his first § 2241 habeas corpus petition, (Civil No. 03-3383 (ADM/SRN)), and he has recited the rule himself in his current petition.  (See Petition, [Docket No. 1], pp. (4) - (5).)

sentence. He claims that his constitutional rights were violated during the sentencing process, and that his sentence should therefore be vacated.  Thus, the Court finds that the present petition is clearly subject to, and barred by, the § 2255 exclusive remedy rule.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255.  The matter can then be transferred to the trial court so the prisoner's claims can be addressed on the merits there. In this case, however, Petitioner is precluded from seeking relief under § 2255, because he has already filed a § 2255 motion in the trial court.  Any § 2255 action that Petitioner might now attempt to pursue would have to be treated as a "second or successive" application for relief, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Eighth Circuit Court of Appeals.  28 U.S.C. §§ 2244(b)(3) and 2255 [ ¶ 8 ].[3]

---

[3]  According to 28 U.S.C. § 2255 [ ¶ 8 ]:

"A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

"(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
(B) A motion in the court of appeals for an order authorizing the district

4

Without a pre-authorization order from the apposite circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. <u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th Cir. 1996); <u>see</u> <u>also</u> <u>Boykin v. United States</u>, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not obtained a pre-authorization order from the Eighth Circuit Court of Appeals, the trial court could not entertain a new § 2255 motion at this time. <u>Id</u>. It would therefore be inappropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

Moreover, it is obvious that Petitioner is deliberately attempting to proceed under the § 2241 habeas corpus statute, because he believes that the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of his sentence. He contends that his current petition is exempt from § 2255's exclusive remedy rule, and that he <u>can</u> challenge his conviction and sentence in a § 2241 habeas corpus proceeding, because he is not presently eligible for relief under § 2255. That argument must be rejected.

The rule against successive § 2255 motions would be rendered meaningless if a

_____

court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the rules governing successive § 2255 motions to be so easily evaded. The Eighth Circuit Court of Appeals presumably had this in mind when it held that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because Petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because Petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002); Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

The Court fully recognizes, of course, that Blakely and Booker had not yet been decided when Petitioner filed his direct appeal and his first § 2255 motion, so he could not have cited those particular cases in his previous challenges to his sentence. That does not mean, however, that § 2255 must be viewed as an "inadequate or ineffective remedy" for Petitioner's current claims based on Blakely and Booker.

In Perez, supra, the Eighth Circuit Court of Appeals held that federal prisoners cannot bring claims based on Apprendi v. New Jersey, 530 U.S. 466 (2000), in a § 2241 habeas

6

corpus petition, because, even though "a federal prisoner may never ventilate an <u>Apprendi</u>

issue in a § 2255 motion," § 2255 is not considered to be an inadequate or ineffective remedy

for such claims.  286 F.3d at 1062.  The Court explained its ruling in <u>Perez</u> as follows:

> "[Appellants'] contend § 2255 is inadequate or ineffective because it is the
> impediment to the relief they seek.  But this is not so.  Their true impediment is
> <u>Apprendi</u> itself, <u>not the remedy by § 2255 motion</u>.  To be more precise,
> appellants are hamstrung because the Supreme Court has not yet ruled (and
> indeed may never rule) that <u>Apprendi</u> applies retroactively to past criminal
> convictions. Neither... [of the appellants] may raise an <u>Apprendi</u> claim in a
> second § 2255 motion unless and until <u>Apprendi</u> applies retroactively."

<u>Id</u>. (emphasis added).  The Court later added that –

> "Appellants' attempts to gain relief [under <u>Apprendi</u>] have not been hampered
> by the § 2255 remedy itself.  Rather, they cannot presently obtain relief because
> the constitutional doctrine announced in <u>Apprendi</u> has not been made
> retroactive by the Court."

<u>Id</u>.

The Court's reasoning in <u>Perez</u> is directly applicable to Petitioner's current claims

based on <u>Blakely</u> and <u>Booker</u>.  If the holdings of <u>Blakely</u> and <u>Booker</u> establish "a new rule of

constitutional law, made retroactive to cases on collateral review by the Supreme Court," then

Petitioner could raise his <u>Blakely-Booker</u> claims in a "second or successive" § 2255 motion.

28 U.S.C. § 2255 [ ¶ 8 ].  In fact, however, the Supreme Court has <u>not</u> held <u>Blakely</u> or <u>Booker</u>

(or <u>Apprendi</u>) to be retroactively applicable on collateral review.  <u>See</u> <u>Simpson v. United</u>

<u>States</u>, 376 F.3d 679, 681 (7th Cir. 2004) ("[t]he Supreme Court has not made the <u>Blakely</u> rule

applicable to cases on collateral review"); <u>In re: Dean</u>, 375 F.3d 1287, 1290 (11th Cir. 2004)

(concluding that the Supreme Court has not held <u>Blakely</u> to be retroactively applicable, and

further noting that, in fact, "the Supreme Court has strongly implied that <u>Blakely</u> is not to be

applied retroactively"); Carmona v. United States, 390 F.3d 200, 202 (2nd Cir. 2004) ("[t]o date, the Supreme Court has not, in any other case, announced Blakely to... apply retroactively on collateral review").

Furthermore, the lower federal courts have concluded, with virtual unanimity, that Blakely and Booker (as well as Apprendi) are definitely not retroactively applicable on collateral review. The body of federal case law holding that Blakely and Booker are not retroactively applicable on collateral review is growing almost daily. See e.g., Guzman v. United States, 404 F.3d 139 (2nd Cir. 2005); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005); United States v. Aikens, No. 01-335 (E.D.Pa. Feb. 25, 2005), 2005 WL 433440 at *7-8; Frost v. United States, Crim. No. 02-37-PB (D.N.H. Feb. 11, 2005), 2005 WL 331470; Rucker v. United States, No. 2:04-CV-00914PGC (D.Utah Feb. 10, 2005), 2005 WL 331336 at * 10; Hamdani v. United States, No. No. CIV. 04-3332 (E.D.N.Y. 2005), 2005 WL 419727; United States v. Quintero-Araujo, 343 F.Supp.2d 935, 945 (D.Idaho 2004); Tisdale v. United States, No. 99-10016-01-WEB, 04-3136-WEB (D.Kan. 2004), 2004 WL 2782725 at * 7; United States v. Cino, 340 F.Supp.2d 1113, 1117-18 (D.Nev. 2004); Garcia v. United States, No. 04-CV-0465 (N.D.N.Y. 2004) 2004 WL 1752588 at *6; United States v. Davis, 348 F.Supp.2d 964, 968 (N.D.Ind. 2004); United States v. Stancell, 346 F.Supp.2d 204, 206 (D.D.C. 2004); Lilly v. United States, 342 F.Supp.2d 532, 538-39 (W.D.Va. 2004).

Several cases decided in this District can also be added to the foregoing list of precedential authorities. United States v. Stoltz, 325 F.Supp.2d 982 (D.Minn. 2004) (Doty,

8

J.); <u>United States v. Falodun</u>, Crim. No. 01-380(1) (ADM/RLE) (D. Minn. 2004) (Montgomery, J.), 2004 WL 2397612; <u>United States v. Holbrook</u>, Crim. No. 01-357 (ADM/AJB) (D.Minn. May 6, 2005) (Montgomery, J.), 2005 WL 1073649 at * 5 ("the rule announced in <u>Booker</u> is not applicable to cases on collateral review"); <u>United States v. Shevi</u>, Crim. No. 98-257 (ADM/AJB) (D.Minn. March 22, 2005) (Montgomery, J.), 2005 WL 661558 at *5 (same); <u>Tineo v. LeBlanc</u>, Civil No. 05-318 (ADM/SRN) (D.Minn. March 31, 2005) (Montgomery, J.), 2005 WL 740520.

It is the absence of retroactive applicability – not any deficiency in the remedy provided by § 2255 – that precludes Petitioner from raising his <u>Blakely</u> and <u>Booker</u> claims in a § 2255 motion.  As the Court of Appeals explained in <u>Perez</u>:

> "§ 2255 is not inadequate or ineffective simply because a new constitutional doctrine which could reduce a federal prisoner's existing sentence cannot be applied retroactively...[; but rather it is] the new constitutional doctrine's non-retroactivity... [that] prevents the federal prisoner from correcting his sentence.  Of course, that impediment cannot be charged to the § 2255 remedy."

286 F.3d at 1062.  <u>See</u> <u>also</u> Eng v. Drew, No. 9:05 CV 0141 LEK/DEP (N.D.N.Y. 2005), 2005 WL 928630 at * 3, n. 12 ("because <u>Booker</u> has not been made retroactive to cases on collateral review, it is not § 2255's gatekeeping provision that is responsible for Petitioner's inability to raise his Sixth Amendment <u>Booker</u> claim; rather, it is the unavailability of the <u>Booker</u> claim itself").    Therefore, even for Petitioner's new <u>Blakely</u> and <u>Booker</u> claims, it cannot be said that the remedy provided by § 2255 is "inadequate or ineffective."

## III.    CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief

challenges the validity of the prison sentence imposed by the trial court; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions; and (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule.

Because the "inadequate or ineffective remedy" exception is not available to Petitioner, his present § 2241 habeas corpus petition challenging his 1997 federal prison sentence cannot be entertained here. See Bauer v. Ashcroft, Civil No. 02-4068 (JRT/FLN) (D.Minn. 2003) (Tunheim, J.), 2003 WL 541692 at *2. The Court will therefore recommend that this action be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging trial court proceedings was properly dismissed for lack of subject matter jurisdiction, where Petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy).

Finally, the Court notes that Petitioner has applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a).  (Docket No. 2.)  That request must be denied, because Petitioner has failed to state an actionable claim for habeas corpus relief. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:


1.  Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be

DENIED; and

2.  Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket

No. 1), be summarily DISMISSED.


Dated: May 11, 2005

s/ Susan Richard Nelson<br>
SUSAN RICHARD NELSON<br>
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 26, 2005,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.