**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

John Edward Clark,

            Petitioner,

    v.

United States of America,

            Respondent.

**MEMORANDUM OPINION AND ORDER**
Civil No. 05-886 ADM/SRN

_____

John Edward Clark, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of the Objections of Petitioner John Edward Clark ("Petitioner") [Docket No. 4] to the May 11, 2005 Report and Recommendation ("R&R") of Magistrate Judge Susan Richard Nelson [Docket No. 3] to dismiss Petitioner's Petition for Writ of Habeas Corpus ("Petition") [Docket No. 1]. In his Petition, Petitioner claims his sentence was based, in part, on factual determinations made by the trial court judge, rather than a jury, and therefore violated his Sixth Amendment rights. As a result, he contends his sentence should be set aside pursuant to the Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005). Petitioner brings his application for habeas corpus relief under 28 U.S.C. § 2241.

The R&R dismisses Petitioner's Petition for Writ of Habeas Corpus for want of jurisdiction. The factual and procedural background in this matter is set forth in the R&R and is incorporated by

reference for purposes of the present Objections. For the reasons set forth below, the Objections are denied and the R&R is adopted.

## II. DISCUSSION

The district court must undertake an independent, de novo, review of those portions of a R&R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.1(c)(2).

Petitioner objects to the R&R on four related grounds. Petitioner argues: (1) Blakely and Booker's holdings retroactively apply to cases on collateral review, and 28 U.S.C. § 2255 is therefore "inadequate or ineffective" when a defendant objects to sentencing enhancement on direct review; (2) the instant petition "raise[s] serious constitutional questions" warranting § 2241 review; (3) the District Court had no jurisdiction to hand down Petitioner's sentence because it violated the Sixth Amendment; and (4) Petitioner sought to set aside his sentence based on the Sixth Amendment rather than the holdings of Blakely and Booker.

**A.     Jurisdiction Over § 2241 Petitions**

As a threshold matter, the R&R correctly states that a prisoner can maintain a collateral challenge to his conviction or sentence only by filing a 28 U.S.C. § 2255 motion with the trial court. R&R at 2-3; see also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). It is well settled that a prisoner may not collaterally challenge a federal conviction or sentence with a § 2241 habeas petition. Hill, 349 F.2d at 1091. Furthermore, only the sentencing court has jurisdiction to hear a petitioner's post-conviction challenge to a prisoner's conviction or sentence, unless a Petitioner can affirmatively

demonstrate that the remedy under § 2255 is "inadequate or ineffective to test the legality of . . . [his] detention." DiSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam) (quoting 28 U.S.C. § 2255).

In the instant case, Petitioner is collaterally attacking his 1997 federal narcotics sentence. United States v. Clark, Crim. No. 4-96-127 (DSD/FLN). He contends his constitutional rights were violated during the sentencing process, and that his sentence should therefore be vacated. As a result, the R&R correctly concluded "the present petition is clearly subject to, and barred by, the § 2255 exclusive remedy rule." R&R at 3.

In certain limited instances, a § 2241 petition barred by the exclusive remedy rule may be converted to a § 2255 motion and transferred back to the sentencing court. Petitioner, however, has previously had a § 2255 motion denied by his sentencing judge. Petitioner cannot file a second or successive § 2255 motion without pre-authorization from the Eighth Circuit Court of Appeals. See 28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph). Since the Eighth Circuit has not granted Petitioner a pre-authorization order, it would be inappropriate to convert Petitioner's § 2241 petition to a § 2255 motion at this time. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

**B.     Applicability of Blakely and Booker**

Petitioner argues that he is entitled to seek habeas corpus relief under § 2241 because the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his sentence." 28 U.S.C. § 2255. He also claims denial of his § 2241 petition would "raise serious constitutional questions" because he was precluded from raising his Blakely and Booker arguments at an earlier time.

3

See Objections at 3 (quoting Wofford v. Scott, 177 F.3d 1236, 1243 (11th Cir. 1999)).  Petitioner argues he was precluded from raising his Blakely and Booker arguments in his first § 2255 petition because the cases had not been decided when his motion was filed.

> The Eighth Circuit has stated that § 2255 will not be viewed as inadequate or ineffective:
>
> merely because § 2255 relief has already been denied . . . or because Petitioner has been denied permission to file a second or successive § 2255 motion . . . or because a second or successive § 2255 motion has been dismissed, . . . or because Petitioner has allowed the one year statute of limitations and/or grace period to expire.

United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted).  See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

As the R&R correctly noted, "[a] federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion."  R&R at 6 (quoting In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)).  Petitioner previously challenged his sentence both on direct appeal and through a § 2255 motion and cannot now claim § 2255 is "inadequate or ineffective" simply because earlier challenges proved unsuccessful.

Both the R&R and this Court recognize Blakely and Booker were not decided when Petitioner filed his direct appeal and initial § 2255 motion; however, subsequent changes in the law do not generally render § 2255 an "inadequate or ineffective remedy."  See R&R at 6-7.  The Eighth Circuit

4

addressed this exact issue in holding federal prisoners cannot bring Apprendi claims in a § 2241 habeas corpus petition, even if those claims were not previously brought in a § 2255 petition:[1]

> [Appellants'] contend § 2255 is inadequate or ineffective because it is the impediment to the relief they seek. But this is not so. Their true impediment is Apprendi itself, not the remedy by § 2255 motion. To be more precise, appellants are hamstrung because the Supreme Court has not yet ruled (and indeed may never rule) that Apprendi applies retroactively to past criminal convictions. Neither . . . [of the appellants] may raise an Apprendi claim in a second § 2255 motion unless and until Apprendi applies retroactively.

United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1062 (8th Cir. 2002), cert. denied, 537 U.S. 869 (2002) (emphasis added). Perez's holding applies with equal force to Petitioner's current claims based on Blakely and Booker. Since the Supreme Court has made neither holding retroactively applicable to cases on collateral review, Petitioner is precluded from raising these claims in a "second or successive" § 2255 motion. As a result, Petitioner cannot claim, even with respect to his Blakely, and Booker claims, that the remedy provided by § 2255 is "inadequate or ineffective."

Petitioner also objects to the R&R's finding that Blakely and Booker are not retroactively applicable to cases on collateral review.

It is well established that a new rule of constitutional law cannot form the basis of a second or successive § 2255 motion unless the Supreme Court itself unequivocally makes the rule retroactive. Tyler v. Cain, 533 U.S. 656, 662-63 (2001). The Supreme Court has not expressly declared Booker's holding to be retroactive to cases on collateral review. In fact, Booker expressly stated only that its ruling was applicable "to all cases on direct review." 125 S. Ct. at 769. Furthermore, "Booker

---

[1] The United States Supreme Court's holdings in Blakely and Booker were based on, and extended, the rationale first announced in Apprendi v. New Jersey, 530 U.S. 466 (2000).

itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review." In re Anderson, 2005 U.S. App. LEXIS 1097, *9 (11th Cir. Jan. 21, 2005); see also Green v. United States, 2005 U.S. App. LEXIS 1652, *4-5 (2d Cir. Feb. 2, 2005).

Finally, athough the Supreme Court has not explicitly considered whether Booker's holding applies retroactively to cases on collateral review, the Court's decision in Schiro v. Summerlin suggests multiple holdings do not "necessarily dictate retroactivity of the new rule." 124 S. Ct. 2519 (2004). Summerlin held that Ring v. Arizona, 536 U.S. 584 (2002), which extended Apprendi to prohibit a judge, rather than a jury, from finding the existence of certain aggravating factors warranting imposition of the death penalty, was not retroactively applicable to cases on collateral review. Summerlin, 124 S. Ct. at 2524-26; see also Blakely, 124 S. Ct. at 2548-49 (O'Connor, J., dissenting) (recognizing the Court's holding in Summerlin "that Ring (and a fortiori Apprendi) does not apply retroactively on collateral review"); United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001) (finding Apprendi "is not of watershed magnitude" and . . . petitioner [is barred] from raising Apprendi claims on collateral review"). Because Booker and Blakely, like Ring, are based on an extension of Apprendi, Summerlin's reasoning also applies to the Booker and Blakely retroactivity claims. See, e.g., In re Anderson, 2005 U.S. App. LEXIS at *11; Simpson v. United States, 376 F.3d 679, 681 (7th Cir. 2004); Carmona v. United States, 390 F.3d 200, 202 (2d Cir. 2004). Furthermore, numerous lower courts have also concluded Blakely and Booker do not retroactively apply to cases on collateral review. See, e.g., Guzman v. United States, 404 F.3d 139 (2nd Cir. 2005); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005);

United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005).

**C.     Sixth Amendment Arguments**

Finally, Petitioner makes two Sixth Amendment arguments. First, he contends he is attempting to set aside his sentence based on the Sixth Amendment, rather than on the holdings of Blakely and Booker. He notes he objected on Sixth Amendment grounds to his enhancement at sentencing, on appeal and in his earlier § 2255 petition, and his arguments thus do not depend on the retroactive applicability of Blakely and Booker's holdings. Without addressing the merits of Petitioner's argument, he is procedurally barred from bringing this claim for the reasons previously discussed herein. Petitioner's instant § 2241 petition is barred by the exclusive remedy rule and Petitioner's Sixth Amendment argument was already considered and rejected in his previous § 2255 motion. Hill, 349 F.2d at 1091. In the absence of a pre-authorization order from the Eighth Circuit, Petitioner is precluded from bringing a second or successive § 2255 motion re-challenging his sentence on Sixth Amendment grounds. See 28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph); Nunez, 96 F.3d at 991.

Petitioner also argues the District Court did not have jurisdiction to enhance Petitioner's sentence because such a sentence violated his Sixth Amendment rights. This objection simply recasts the aforementioned argument and must be rejected for the same reasons.

For the reasons set forth above, Petitioner's Objections are denied and the R&R is adopted in its entirety.

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Nelson's R&R [Docket No. 3] is **ADOPTED** in its entirety;

2. Petitioner's Objections [Docket No. 4] are **DENIED**;

3. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is summarily **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

              BY THE COURT:


              s/Ann D. Montgomery
              ANN D. MONTGOMERY
              U.S. DISTRICT JUDGE

Dated: June 7, 2005.